1  CRAIG B. FRIEDBERG, ESQ.
   Nevada Bar No. 004606
2  4760 South Pecos Road, Suite 103
   Las Vegas, Nevada 89121
3  Phone: (702) 435-7968; Fax: (702) 946-0887

4  Attorney for Plaintiff

5

6              **UNITED STATES DISTRICT COURT**

7              **DISTRICT OF NEVADA**

8  STEVEN BENJAMIN,                          CASE NO.:

9           Plaintiff,

10 vs.

11 LEADING EDGE RECOVERY SOLUTIONS,          **COMPLAINT**
   LLC, an Illinois limited liability corporation,        **&**
12 DOES I-V inclusive, and ROE Corporations   **EIGHT PERSON JURY**
   VI-X, inclusive,                           **DEMANDED**
13
            Defendants.
14

15              **PRELIMINARY STATEMENT**

16      1.      This is a claim for actual and statutory damages brought by the named

17 plaintiff, STEVEN BENJAMIN(hereinafter referred to as "Plaintiff" or "Benjamin"), for

18 Defendant LEADING EDGE RECOVERY SOLUTIONS, LLC,'s (hereinafter "LENS" OR

19 "Defendant") of the Fair Debt Collection Practices Act (hereinafter referred to as the

20 "FDCPA"), 15 U.S.C. §1692, *et seq*., and Nevada Revised Statutes (hereinafter "NRS"),

21 Chapters 598 et seq., and 649 et seq., as amended, and common law torts (hereinafter

22 "State Acts"), all of which prohibit debt collectors from engaging in abusive, deceptive,

23 harassing, unfair, and illegal practices.

24              **JURISDICTION AND VENUE**

25      2.      Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d), 15 U.S.C.

26 §1681(p), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims

27 under 28 U.S.C. § 1367.  Venue in this District is proper because Plaintiff resides in

28 Nevada and Defendant's collection communications and acts occurred in Nevada and

   Defendant does or transacts business in Nevada.

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

**PARTIES**

3.      Benjamin is a natural person who resides in Nevada.

4.      Benjamin is a "consumer" as defined in the Act at 15 U.S.C.§1692a(3).

5.      Benjamin allegedly owes a (past-due) consumer "debt" as defined by 15 U.S.C. § 1692a(5) and NRS 649.010.

6.      LENS is an Illinois limited liability corporation, the principal purpose of whose business is the collection of debts.

7.      LENS operates a debt collection agency, with its principal place of business in Chicago, Ill.

8.      The mails and interstate wire communications are used to conduct the business of LENS.

9.      LENS regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.      Benjamin is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X,  sued herein inclusive, and therefore sues Defendants by such fictitious names.

11.      Benjamin is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

12.      Benjamin prays leave to insert said Defendants' true names and legal capacities when ascertained.

13.      At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and co-conspirators, including the fictitious Defendants named herein, each of whom was

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

1  acting within the purpose and scope of that agency, employment and conspiracy, and

2  said acts and omissions were known to, and authorized and ratified by, each of the other

3  Defendants.

4          14.    Benjamin is informed and believes and thereon alleges that at all times

5  mentioned herein each of the Defendants sued herein was the owner, partner,

6  shareholder, manager, officer, director, agent, servant, and employee of his, her or its

7  co-Defendants and in doing the things hereinafter mentioned was acting in the scope of

8  his, her or its authority as such owner, partner, shareholder, manager, officer, director,

9  agent, servant and employee, and with the permission, consent and/or ratification of

10 his, her or its Defendants; and that each of said fictitiously named defendants, whether

11 an individual, corporation, association or otherwise, is in some way liable or responsible

12 to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages

13 proximately thereby as hereinafter alleged.

14         15.    All conduct of LENS and/or Doe and/or Roe Corporation Defendants as

15 alleged herein was on each other's behalf, within the course and scope of agency each for

16 the other; each was alter ego for the other and/or was in a partnership or joint venture

17 with the other, and all conduct of each was within the course and scope of that agency,

18 alter ego, partnership and/or joint venture, and as such, the corporate fiction should be

19 disregarded.

20                              **FACTUAL ALLEGATIONS**

21         16.    Benjamin repeats, realleges and incorporates by reference paragraphs one

22 through fifteen, inclusive, above.

23         17.    Starting in or about April 2010, LENS initiated a campaign of abusive,

24 unfair, unreasonable and unlawful debt collection activity directed against the Benjamin

25 in Henderson, NV.

26         18.    On or after April 29, 2010, Benjamin received a collection letter from

27 LENS, attached hereto as Exhibit 1.

28         19.    Upon receipt of Defendant's letter, Benjamin opened and read it.

20.    The letter demanded payment of a consumer debt allegedly owed by Benjamin.

21.    Benjamin is informed and believes, and on that basis alleges, that Exhibit "1" is the initial debt collection letter from Defendant, and although dated on August 26, 2010, was not mailed until on or after April 29, 2010.

**CAUSES OF ACTION**

**COUNT ONE**
**Violations of Federal Fair Debt Collection Practices Act**

22.    Plaintiff repeats, realleges and incorporates by reference, paragraphs one through twenty-one, inclusive, above.

23.    Defendant's collection letter, in the form represented by Exhibit "1", fails to break out the amount of interest, charge, fee or expense incidental to the principal obligation ("incidental charges") that had been added to the principal of the debt by the creditor before receipt of the item of collection from the interest added to the principal of the debt by the collection agency, in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), 1692f(1), 1692g(a)(1), and NRS 649.375(2).

24.    Defendant's collection letter, in the form represented by Exhibit "1", attempts to collect incidental charges without first breaking out these incidental charges in violation of 15 U.S.C. §§ 1692e(2), 1692e(5),  1692f(1), 1692g(a)(1), and NRS 649.375(2).

25.    Defendant's violations of 15 U.S.C. §§ 1692e, f and g render it liable to Benjamin.

26.    Defendant also used false representations and deceptive means to collect a debt allegedly due to another in violation of 15 U.S.C. § § 1692e *et seq*., rendering it liable to Benjamin.

27.    Defendant also used unfair or unconscionable means to collect a debt allegedly due to another in violation of 15 U.S.C. § 1692f, rendering it liable to Benjamin.

28.    As a result of Defendant's abusive, deceptive and unfair debt collection

- 4 -

practices, Defendant is liable to Benjamin.

29.    As a direct and proximate result of Defendant's violations of the FDCPA, Benjamin has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment.

30.    As a result of the above violations of the FDCPA, LENS is liable to Benjamin for his actual damages, statutory damages, costs and attorney fees.

**COUNT TWO**
**Violation of State Acts**

31.    Plaintiff repeats, realleges and incorporates by reference paragraphs one through thirty, inclusive, above.

32.    Defendant's violations of the state Acts include, but are not limited to, the following:  NRS Chapters 598 et seq., and 649 et seq., by using any device, subterfuge, pretense or deceptive means or representations to collect any debt.

33.    NRS 598 (deceptive trade practices) and 649 (collection agency practices), in tandem, allows a state claim for deceptive trade practices where the collection agency engages in harassing tactics, which has been defined in NAC 649.150 as "a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive" (i.e., the FDCPA).[1]

---

[1]N.R.S. 41.600  allows for an action by victims of fraud. It states in pertinent part:
       1. An action may be brought by any person who is a victim of consumer fraud.
       2. As used in this section, "consumer fraud" means:
                                          * * *
       (d) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.
NRS 598.0923(4) defines deceptive trade practices as conducting a business by using "coercion, duress or intimidation in a transaction;" NRS 598.092(8) defines deceptive trade practices as "knowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction;" and NRS 598.0915(15) defines deceptive trade practices as "knowingly mak[ing] any other false representation in a transaction." Furthermore, NRS 598.0953 states that the specific deceptive trade practices defined in NRS 598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes in this state (emphasis added)."  NRS 649.375(5) pertains to prohibited acts of

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

34.    In addition, Defendant's acts and omissions violated NRS 649.370 (Violation of federal Fair Debt Collection Practices Act), NRS 649.375(1), (2) and (5) (Prohibited practices), and NRS 649.375(2).

35.    Defendant acted in bad faith and unfairly with the intent to deprive Plaintiff of his rights or property.  Furthermore, Defendant knew of the probable harmful consequences of its wrongful acts and engaged in a willful and deliberate failure to act to avoid those consequences.

36.    As a result of the above acts and omissions, Benjamin has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative, harmful emotions, and is entitled to his actual damages, statutory damages, exemplary damages, fees and costs.

**DEMAND FOR JURY TRIAL**

37.    Please take notice that Benjamin demands trial by jury in this action.

---

collection agencies.  It states, in pertinent part, that a collection agency "shall not ... engage in any conduct that constitutes harassment as defined by regulations adopted by the commissioner."

The regulations can be found in NAC 649.150, which states that:

> The commissioner of financial institutions will consider *a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, as those sections existed on July 1, 1986, to be an act or omission inconsistent with the faithful discharge of the duties or obligations of a collection agency or collection agent* and grounds for the suspension or revocation of the license of the collection agency or collection agent.  [Banking Div., Harassment in Debt Collection Reg., eff. 1-17-79]—(NAC A by Admstr. of Financial Institutions, eff. 6-29-84; A by Comm'r of Financial Institutions, 5-19-88)

(Emphasis added.)

Thus, a judgment finding Defendants violated any of the provisions of the FDCPA, would also establish that it engaged in harassing conduct toward Plaintiff, which is the basis of this claim for relief.

Moreover, such acts would also be considered in violation of 15 U.S.C. §1692f, and therefore, a violation of NRS 649.375(5).   15 U.S.C. §1692f states, in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays, that this Court grant the following relief in his favor, and that judgment be entered against LENS for the following:

(1)     For statutory damages;

(2)     For actual damages;

(3)     For exemplary damages;

(4)     A declaration that Defendant's form letter, represented by Exhibit "1", violates the FDCPA;

(5)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

(6)     For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(7)     For any and all other relief this Court may deem appropriate.

DATED this 27th day of April 2011.

Respectfully submitted by:

/s/ Craig B. Friedberg, Esq.
4760 South Pecos Road, Suite 103
Las Vegas, Nev. 89121
Attorney for Plaintiff

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

# EXHIBIT   1

# EXHIBIT   1



PO Box 129
Linden MI 48451-0129
ADDRESS SERVICE REQUESTED

#BWNKGZZ
#TYDA05FEB7#    11481909-00601
Steve Benjamin
971 Mackenzie Creek Ave
Henderson NV  89002-0932

|lul|l|lu||l|mmll|lll|ub|ul|l|uh|lll|l|ul|lllul

LEADING EDGE RECOVERY SOLUTIONS, LLC
5440 N CUMBERLAND AVE STE 300
CHICAGO, IL 60656-1490

April 26, 2010

| Account #:<br>11481909 | Client Reference #:<br>************3349 | Balance:<br>$4,512.15 |
|---|---|---|
| Original Creditor: CAPITAL ONE BANK | | |

*** Detach Upper Portion and Return with Payment ***                    1386-LEADL601TYDA05FEB7

| Account #:<br>11481909 | Client Reference #:<br>************3349 | Balance:<br>$4,512.15 |
|---|---|---|
| Creditor:  Midland Funding LLC | | |

Dear Steve Benjamin,

Your delinquent account has been placed with our company for collection. We have been authorized by our client to collect the outstanding amount owed to them.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Sincerely,

Collections Department
(888) 306-0549

**Hours of Operation:**
Monday-Thursday 8:00am - 9:00 pm CST / Friday 8:00 am - 5:00 pm CST / Saturday 8:00 am - 12 Noon CST

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
This information is from a debt collector.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**